SKRZYPZCAK, Appellant, vs. SKRZYPZCAK, Respondent.

*April 14—May 11, 1948.*

For the appellant there were briefs by *Dougherty, Arnold & Waters* of Milwaukee, and oral argument by *Suel O. Arnold*.

For the respondent there was a brief by *Rubin & Ruppa* of Milwaukee, and oral argument by *Nathan Ruppa*.

ROSENBERRY, C. J. Upon the trial the court found that the allegations of the plaintiff's complaint were not proven; that for more than a year last past the plaintiff had been guilty of a course of extreme cruelty of and toward the defendant by means other than physical violence.

On appeal the plaintiff contends that the amount awarded the defendant as a final division of the property of the parties is excessive and that the finding that the plaintiff was guilty of cruel and inhuman treatment toward the defendant is against the great weight and clear preponderance of the evidence.

The court awarded the sum of $2,500 to the defendant as temporary and permanent alimony and as a final division of

the estate of the parties. It was adjudged that the plaintiff should pay to the defendant $40 a month as and for support money for the minor child of the parties, awarded the plaintiff $450 for attorneys' fees, and $54.79 for disbursements.

We have carefully examined the record in this case. It presents a pure question of fact. The evidence offered and received on the trial, if believed, is ample to support the findings of the trial court. If the trial court had believed the plaintiff as against the defendant, no doubt the result would have been different. The court found that the plaintiff had accused the defendant of drunkenness, used vile and indecent language toward her, called her profane names, and his conduct toward her was such as to seriously affect the physical and mental well-being of the defendant. The findings amply support the judgment. No useful purpose would be served by setting out in detail the contentions of the parties or the evidence upon which the court based its decision.

With respect to the division of the estate of the parties it appears that at the time this action was begun the parties had a checking account of $4,919.55 in their joint names and, in addition to the household furniture, an automobile worth $1,100. The defendant testified that at the time of the trial she had no means of her own.

Under the circumstances of this case it is considered that the court did not abuse its discretion in awarding the defendant $2,500 as a final division of the estate of the parties.

*By the Court.*—Judgment affirmed.